BY THE COURT.
The magistrate certifies that these depositions were taken at the time and place mentioned in the notice, and pursuant to the notice. The omission of the middle letter of the name in the notice is not material. Admitted.
M. Thompson, a witness, was asked to state what he knew of the marriage of the plaintiff.
BY THE COURT. The declaration charges the defendant with enticing away the plaintiff’s wife, and with harboring his wife, &e. We think that a sufficient averment that the plaintiff had a wife to admit him to prove it, though, perhaps, not very technical.
It was then agreed that the plaintiff married the defendant’s daughter, and the defendant afterwards continued to live with her father and had removed with him from Fayette county, in the winter of 1829-30.
The marriage was in Fayette, in 1829 — the parties never went to housekeeping, but lived with her father — he working on the place as the other boys. The plaintiff and defendant came to Logan to look at land with a view to remove here, when the plaintiff was to be put on to a separate piece of land and work it, though the title was to remain in the defendant. Shortly after their return to Fay *659 ette, the plaintiff left home and was gone for several months. There had been no difficulty in the family, or between the plaintiff and his wife. On his return he did not come to the family, and some difficulty arose, when the defendant told him he should not stay *about the house, but his wife might go! with him if she [638 chose. Soon after this, the family moved to Logan, and the plaintiff’s wife with them. After some months the plaintiff came into the neighborhood, and alleging he was afraid of injury from the defendant, sent several persons to talk with him and persuade his wife to live with him. The defendant uniformly said the plaintiff should not stay about his house, but the wife could go when she pleased. The plaintiff had become intemperate'. He made some agreement for a house to live in, but never furnished it. He met his wife two or three times to converse about their difficulties, when she expressed a willingness to live with him if he got a place, &c. Once, they met at a neighbor’s, and they Were left in a room together when the family went to bed. He soon started to go— she asked him if he would not stay all night. He declined and went away. He never provided for her.
Mason and Anthony moved for a nonsuit.
Bayles and M. Corwin contra.
WRIGHT, J. To sustain the first count, proof is required of some act of the defendant, to entice or persuade away the plaintiff’s wife, and to keep her from him. The defendant is the father of the plaintiff’s wife. The child has never left her paternal roof. There is not a particle of testimony to show any act of persuasion on his part to induce his daughter to leave her husband. On the contrary, the proof is, the husband left her, and has continued away from her, never having made any provision for her support. It is true, her father, after the plaintiff left, refused longer to harbor him about the house, but that does not sustain the declaration. He, surely, was under no obligation to support the plaintiff, although he might choose not to see his own daughter starve.
As to the second count, which alleges that the wife left the bed and board of the plaintiff wrongfully, and the defendant knowingly harbored her with intent to deprive him of her society — how is that sustained? The father did not turn his child out of doors, but suffered her to continue, and labor, and receive support as a child. He fed and clothed her, and when she was sick procured medical aid. The husband did neither. The father expressed his willingness *660 that the daughter should live with him, but never interposed any restraint upon her. Where is the evidence that she wrongfully left the plaintiff’s house, and was harbored by the defendant with intent to deprive the plaintiff of her society? There is none. As-a parent he had a right to afford shelter to his children — it was his duty to do so: for that the law does not hold him answerable. 639] *He must do some positive wrong act before he can be liable to respond in damages. The evidence here establishes no right in the plaintiff on either count. A nonsuit is ordered.